Howell, J.
The plaintiffs, having obtained judgment against the defendants, issued garnishment process against L. H. Gardner & Co. and A. Baldwin, who answered that they were not indebted to the defendants and had no property belonging to them. The plaintiffs traversed these answers and averred that L. H. Gardner & Co. as principals and A. Baldwin as security on the attachment bond in the suit of L. H. Gardner & Co. v. J. J. McDaniel & Co., No. 4542 on the docket of the Sixth District Court, are indebted to the said McDaniel & Co. for the damage caused by the wrongful attachment therein 5 that said damage amounted to $5000, for which sum said Gardner & Co. *456 are indebted to said McDaniel & Co., and A. Baldwin is indebted to them in the sum of $1300, the amount of the attachment bond signed by him as security. To this the garnishees excepted :
Mrst — That the action of plaintiffs is premature, there being a suit against them by said McDaniel & Co. pending on exceptions not at issue on the merits and in which their liability for damages, if any, is involved.
Second — That such liability and the issues in said suit can not be tried collaterally as is attempted here.
Third — That there is no privity of action between plaintiffs and ex-ceptors.
The exceptions were maintained and the plaintiffs appealed.
We think this proceeding, if properly termed a traverse, is premature, because the liability for the alleged damage is not ascertained and can be ascertained only in the suit for that purpose. The garnishment process was not intended and can not be used to litigate and settle side issues. This is really the ingrafting of the suit of J. J. McDaniel v. L. H. Gardner & Co. and A. Baldwin for damages upon the suit of Peet, Yale & Bowling v. J. J. McDaniel & Co., and making Peet, Yale & Bowling the plaintiffs in the said suit for damages. This can not be done, and the second ground of the exceptions is good.
Judgment affirmed.